UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA          :
:
   - v. -                         :
:     **15 Cr. 132 (LGS)**
SABREE ABDULLAH,                  :
:
       Defendant.                :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **GOVERNMENT'S SENTENCING MEMORANDUM**

            PREET BHARARA
            United States Attorney for the
            Southern District of New York
            One St. Andrew's Plaza
            New York, NY 10007

Matthew Laroche
Assistant United States Attorney
   *Of Counsel*

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2015

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Sabree Abdullah*, 15 Cr. 132 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for Friday, October 2, at 10:45 a.m., on the defendant's conviction of a violation of 18 U.S.C. § 641. As set forth in the plea agreement, the parties have stipulated to a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of one to seven months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth below, the Government believes that a sentence within the Stipulated Guidelines Range, which permits a sentence of probation, would be fair and appropriate in this case.

     **I.**    **Factual Background**

      During an investigation conducted by the United States Social Security Administration ("SSA"), agents learned that in or about January 2001, the defendant applied for, and began receiving, Supplemental Security Income ("SSI") benefits on behalf of a relative in the defendant's custody ("Victim-1"). (PSR ¶ 8.) In or about October 2005, Victim-1 was removed from the defendant's custody by the New York Administration for Children's Services. (PSR ¶ 10.) The defendant did not, however, inform the SSA that Victim-1 had been removed from her home and continued to receive SSI benefits on Victim-1's behalf. (PSR ¶¶ 11, 13.) From in or about November 2005 until in or about May 2013, the defendant received approximately $58,700 in SSI funds on behalf of Victim-1. (PSR ¶ 13.)

      On July 30, 2013, an SSA agent interviewed the defendant. In a written statement provided during the interview, the defendant admitted that she collected SSI benefits on Victim-1's behalf from October 2005 until May 2013, admitted that she knew what she was doing was wrong, and accepted responsibility for her conduct. (PSR ¶ 11.)

On January 13, 2015, the defendant was charged by complaint with theft of Government funds in violation of 18 U.S.C. § 641. On March 4, 2015, the defendant was indicted for the same offense.

## II.     The Defendant's Plea and Stipulated Guidelines Range

On May 7, 2015, the defendant made a submission to the United States Attorney's Office (the "Submission"). The Submission provided an overview of the defendant's background and life circumstances, highlighting her mental illness, and explained the defendant's conduct in using the SSI benefits. Based on the considerations raised in the Submission, the Government permitted the defendant to plead guilty to a misdemeanor Information.

On June 24, 2015, the defendant pleaded guilty to Count One of the Information, charging theft of Government funds in violation of 18 U.S.C. § 641, pursuant to a plea agreement with the Government ("Plea Agreement"). The Plea Agreement calculated the defendant's Criminal History Category as II and the total offense level as six. As a result, the defendant's Stipulated Guidelines Range in the Plea Agreement is one to seven months' imprisonment.

In the PSR, filed on September 10, 2015, the Probation Department determined that the defendant's Guidelines range is twelve months' imprisonment. (PSR ¶ 70.) The Probation Department's calculation of the Guidelines range differs from the Stipulated Guidelines Range in two ways: First, the Probation Department included a six-level increase for loss pursuant to U.S.S.G. § 2B1.1(b)(1)(D). (PSR ¶ 20.) Thus, the Probation Department determined that the total offense level is twelve. (PSR ¶ 27.) Second, the Probation Department added two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because the defendant committed the instant offense while on parole. (PSR ¶ 34.) Thus, the Probation Department determined that the defendant's Criminal History Category is III.

With a total offense level of twelve and Criminal History Category of III, the Guidelines range is fifteen to twenty-one months' imprisonment. However, the Probation Department determined that the Guidelines range is twelve months' imprisonment because that is the maximum sentence authorized by statute for the defendant's crime.

## III.    Discussion

While the Government does not dispute the Probation Department's Guidelines calculation, the Government maintains that a sentence within the Stipulated Guidelines Range is appropriate in this case. Such a sentence, which permits a sentence of probation, is necessary to reflect the seriousness of the defendant's offense, to promote respect for the law, and to provide just punishment for this offense. *See* 18 U.S.C. §§ 3553(a)(2), 3562(a). For a period of several years, from October 2005 through May 2013, the defendant stole SSI benefits intended for Victim-1. In addition, the cumulative value of the benefits – $58,700 – was not trivial.

   The Government notes, however, that the defendant raises significant mitigating factors in her sentencing submission.  Specifically, the defendant was a victim of sexual abuse as a child and suffers from significant mental health issues.  Moreover, two of the defendant's children, who are both diabetic, currently live with the defendant and rely on the defendant for daily insulin shots.

## **CONCLUSION**

   For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range, which can include a sentence of probation, along with restitution as provided in the Plea Agreement, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

            Respectfully submitted,

            PREET BHARARA
            United States Attorney


        By:  /s/ Matthew Laroche
           Matthew Laroche
           Assistant United States Attorney
           (212) 637-2420

cc:  Philip L. Weinstein, Esq. (by ECF)